IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: § | | |
| BUTAN VALLEY, N.V. § | Bankruptcy Case No. 07-36856 | |
|    Debtor § | | |
| ------------------------------------------------------------------------------------------------- | | |
| § | | |
| OSAMA ALKASABI, § | **CIVIL ACTION NO. H-09-0066** | |
|    Appellant. § | | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Osama Alkasabi's Notice of Appeal [Attachment 1 to Doc. # 1]. Alkasabi, *pro se*, again seeks to appeal a discovery ruling. This time, Alkasabi seeks to appeal Order Denying Motion to Shorten Time to Respond to Discovery and to Compel Discovery [Doc. # 135 in Bankruptcy No. 07-36856] issued by the United States Bankruptcy Court on January 7, 2009, and the Supplement to Order Quashing Discovery [Doc. # 136 in Bankruptcy No. 07-36856] also issued by the United States Bankruptcy Court on January 7, 2009 (collectively, "Discovery Orders"). The Court, having reviewed the record and the governing legal authorities, **denies** leave to file the interlocutory appeal and **dismisses** this civil case.

The Fifth Circuit has not expressly adopted criteria specifically for determining whether to grant leave to appeal an interlocutory order of a bankruptcy court, but it

has recognized that many district courts use the standard applied under 28 U.S.C. § 1292(b) for interlocutory appeals to the various courts of appeals. *See Ichinose v. Homer Nat'l Bank*, 946 F.2d 1169, 1177 (5th Cir. 1991). To be appealable under this standard, an interlocutory order of the bankruptcy court must involve a controlling issue of law upon which there is substantial ground for difference of opinion. *Id.* Additionally, the district court must find that an immediate appeal of the interlocutory order would materially advance the ultimate termination of the bankruptcy case. *Id.*

In this case, the Bankruptcy Court denied most of Alkasabi's most recent discovery requests, but granted other requests. Specifically, the Bankruptcy Court required production of certain affidavits and powers of attorney.

The Court finds that there is no basis to allow an interlocutory appeal from the Discovery Orders. The Discovery Orders do not involve a controlling issue of law upon which there is substantial ground for difference of opinion, and an immediate appeal of the interlocutory orders would not materially advance the ultimate termination of the bankruptcy case. Additionally, there are no exceptional circumstances that would justify immediate review under the collateral order doctrine first enunciated in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949), and discussed by the Fifth Circuit in *In re Delta Servs. Indus.*, 782 F.2d 1267 (5th Cir. 1986). Accordingly, it is hereby

**ORDERED** that Alkasabi's Notice of Appeal, and this civil action, are **DISMISSED**.

SIGNED at Houston, Texas, this **13th** day of **January, 2009.**

_____
Nancy F. Atlas
United States District Judge